UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| PAUL T. HICKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:08CV00002 ERW |
| ) | |
| SOCIAL SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Paul T. Hick's ("Plaintiff") Motion for Attorney's Fees [doc. #21]. Plaintiff moves for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). *See* 28 U.S.C. § 2412(d)(1)(B). Plaintiff seeks an award of attorney's fees in the amount of $3,375.00. This amount is based on an hourly fee of $225. Plaintiff's fee request includes an itemized statement the time expended in the case.

The Social Security Administration ("Defendant") objects to the amount of fees requested, stating that the hourly fee is excessive. The EAJA states that "attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii).

Plaintiff has not demonstrated that a special factor justifies a higher fee. Plaintiff's counsel has submitted an affidavit that states that Plaintiff lives in a small town, and that his firm "is likely the only law firm [in the area] that handles such appeals." However, the Court notes that there are many attorneys in Hannibal, Missouri, and other nearby cities and counties, that could have handled Plaintiff's appeal. An award of higher fees based on a special factor is not justified under

the circumstances. *See Pierce v. Underwood*, 487 U.S. 552, 571-73 (1988); *Stockton v. Shalala*, 36 F.3d 49, 50 (8th Cir. 1994).

The affidavit also states that the fee increase is appropriate due to cost of living increases. To compute an increase in the cost of living, the Court utilizes the Consumer Price Index. *See Johnson v. Sullivan*, 919 F.2d 503, 504-05 (8th Cir. 1990). The Parties concur that this would result in an hourly fee of $172.85.

Plaintiff asks that the Court award more than this sum because "counsel does not separately bill for time his staff of secretaries and paralegals may spend on a case." If counsel wishes to receive compensation for the time his staff spent on this case, he must submit itemized time sheets for those employees. The Court will not increase an attorney's hourly fee to compensate for that attorney's decision to not bill for the time expended by paralegals and other employees. The Court finds that an hourly rate of $172.85 is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Paul T. Hick's ("Plaintiff") Motion for Attorney's Fees [doc. #21] is **GRANTED, in part.**

**IT IS FURTHER ORDERED** that Plaintiff is awarded attorney's fees under the EAJA in the amount of Two Thousand Five Hundred Ninety Two Dollars and Seventy Five Cents ($2,592.75), and that the award shall be made payable to the law firm of Dempsey, Dempsey & Moellring.

Dated this <u>5th</u> Day of <u>March</u>, 2009.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE